**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 20-cv-62293-BLOOM/Valle**

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

    Plaintiff,

v.

C&N YACHT REFINISHING, INC. and
CUONG NGUYEN,

    Defendants.

_____/

**<u>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT</u>**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Summary Judgment, ECF No. [25]. The Court has considered the Motion, the supporting and opposing filings, the record in the case, the applicable law, and is otherwise duly advised. The Motion is granted.

**I. MATERIAL FACTS**[1]

Plaintiff Travelers Casualty & Surety Company of America ("Travelers") is a surety company that, among other things, issues performance bonds and stands as surety for selected contractors. At all material times, Defendant C&N Yacht Refinishing, Inc. ("C&N") was a contractor in the business of performing work on vessels. C&N entered into a contract with Ocean World/Lucky Cat (by Larry Ashkinazy for Larry Ash LLC) ("Obligee") for paint work, full prime, paint hull and Superstructure re Boat/Vessel: Ocean World aka Lucky Cat (the "Project"). C&N sought a performance bond from Travelers in connection with the contract regarding the Project. The Project was located in Florida. On August 31, 2018, in order to induce Travelers to issue a

---

[1] The following facts are not genuinely in dispute unless otherwise noted.

performance bond on behalf of C&N on the Project, Defendants C&N and Cuong Nguyen ("Nguyen") executed a Commercial Surety Bond Application and Indemnity Agreement ("Indemnity Agreement"), as Indemnitors, in favor of Travelers. *See* ECF No. [24-2]. The agreement was signed by Nguyen individually and on behalf of C&N, as C&N's President. The Indemnity Agreement provides, in part:

> Indemnitors will pay all premiums, as they fall due, until Company has been provided with competent legal evidence that the Bond has been duly discharged. Indemnitors will at all times indemnify and exonerate Company from and against any and all loss, cost and expense of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond and/or the enforcement of this Agreement, including unpaid premiums, interest, court costs and counsel fees, and any expense incurred or sustained by reason of making any investigation. To this end Indemnitors promise: a) to promptly reimburse Company for all sums paid and b) to deposit with Company on demand an amount sufficient to discharge any claim made against Company on the Bond. This sum may be used by Company to pay such claim or be held by Company as collateral security against loss or cost on the Bond.

ECF No. [24-2] at 2.

At C&N's request and in reliance upon the Indemnity Agreement, Travelers issued Performance Bond No. 049-SB-106974834, ("Bond"), ECF No. [24-3], for the Project naming C&N as principal and Ocean World aka Lucky Cat (by Larry Ashkinazy for Larry Ash LLC) as the Obligee in the penal sum of $150,000.00. Issues thereafter arose with C&N's performance on the Project, and on August 4, 2019, Obligee declared C&N to be in default on the Project and made demand on the Bond. After investigation, Travelers paid to Obligee the sum of $150,000.00 under the Bond. ECF No. [24-4]. By letters dated April 27, 2020 and September 17, 2020, Travelers made demand on the Indemnitor Defendants for indemnity and reimbursement for the $150,000.00 paid to Obligee pursuant to the terms of the Indemnity Agreement. ECF No. [24-5]. The Defendants have not indemnified or reimbursed Travelers for its losses.

Travelers now seeks summary judgment based upon the Indemnity Agreement and its performance of all obligations as surety on the Bond. Defendants respond they were not able to complete the Project due to interference and delays caused by the Obligee yacht owner. Defendants claim the interference frustrated the contract and made it impossible for C&N to complete the job within the originally contracted time period. Defendants contend that Larry Ash, the owner of the M/V Lucky Cat, personally interfered with the job by delaying inspections, delaying work which had to be done prior to C&N finishing its painting, failing to pay other vendors, and failing to pay C&N for its work. Defendants sent the documentation to Travelers to show that the Obligee yacht owner had frustrated the contract and made it impossible to complete it on time. Despite this evidence, Travelers paid the Bond.

## II. LEGAL STANDARD

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Further, the parties may support their positions by citations to evidence in the record, including, among other things, depositions, documents, affidavits, or declarations. *See* Fed. R. Civ. P. 56(c). An issue of fact is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). In addition, a fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

A court views the facts in the light most favorable to the non-moving party, draws "all reasonable inferences in favor of the nonmovant and may not weigh evidence or make credibility determinations, which 'are jury functions, not those of a judge.'" *Lewis v. City of Union City, Ga.*, 934 F.3d 1169, 1179 (11th Cir. 2019) (quoting *Feliciano v. City of Mia. Beach*, 707 F.3d 1244,

1252 (11th Cir. 2013)); *Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006); *see also Crocker v. Beatty,* 886 F.3d 1132, 1134 (11th Cir. 2018) ("[W]e accept [the non-movant's] version of the facts as true and draw all reasonable inferences in the light most favorable to him as the non-movant."). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which a jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. "If more than one inference could be construed from the facts by a reasonable fact finder, and that inference introduces a genuine issue of material fact, then the district court should not grant summary judgment." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996 (11th Cir. 1990).

The moving party shoulders the initial burden of demonstrating the absence of any genuine issue of material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008). If a movant satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the non-moving party "must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party must produce evidence, going beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor. *Shiver*, 549 F.3d at 1343. Yet, even where a non-movant neglects to submit any alleged material facts in dispute, a court must still be satisfied that the evidence in the record supports the uncontroverted material facts proposed by the movant before granting summary judgment. *Reese v. Herbert*, 527 F.3d 1253, 1268-69, 1272 (11th Cir. 2008).

### III. DISCUSSION

#### a. The Indemnity Agreement

In its Complaint, ECF No. [1], Travelers seeks contractual indemnification pursuant to the express terms of the Indemnity Agreement. Travelers now seeks summary judgment based upon the Indemnity Agreement and its performance of all obligations as surety on the Bond. Travelers points out that each Defendant has admitted that the Indemnity Agreement was signed by Nguyen in his individual capacity and on behalf of C&N, that on August 31, 2018, Nguyen was C&N's President, and Nyugen had the authority to execute contracts on behalf of C&N. *See* ECF No. [25-7]. Travelers further argues that bad faith is the only defense that could be asserted and neither Defendant has made such a claim. Moreover, Courts have consistently held that that a surety is entitled to recover its losses under similar indemnity agreements, regardless of liability, so long as the surety did not make the payments in bad faith. *Aventura*, 534 F. Supp. 2d at 1319; E*mployers Ins. of Wausau, supra*, 749 F. Supp. at 1103 (applying Florida law and holding that a surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed). Indeed, while the Defendants claim that Traveler's payment of the Bond was arbitrary and capricious, *see* ECF No. [27] at 4, they fail to allege that it amounted to bad faith. Nor is there any genuine issue of fact related to any bad faith on the part of Travelers.

Florida law governs the enforcement of the Indemnity Agreement related to losses under a Bond issued in connection with a Project that is located in Florida. *See Liberty Mut. Ins. Co. v. Aventura Eng'g & Const. Corp.*, 534 F. Supp. 2d 1290, 1305 (S.D. Fla. 2008). In addition, it is well-settled that the interpretation and effect of the provisions of indemnity agreements are questions of law and are, therefore, appropriate for summary judgment. *See Robobar, Inc. v. The*

*Hilton Int'l Co.*, 870 So. 2d 864, 865 (Fla. 3d DCA 2004) (the interpretation of a contract is a question of law); *Sork v. United Benefit Fire Ins. Co.*, 161 So. 2d 54, 55 (Fla. 3d DCA 1964) (summary judgment was appropriate in favor of a surety based on liability under an indemnity agreement). The terms of the Indemnity Agreement at issue are clear and unambiguous and liability thereunder can be determined as a matter of law.

      **b.**      **No Bad Faith Asserted**

Courts have consistently upheld contractual rights of a surety as long as the surety acted in a good faith belief that it was required to act or pay, regardless of whether any liability actually existed. *See Employers Ins. of Wausau,* 749 F.Supp. at 1103 (applying Florida law and holding that a surety is entitled to reimbursement pursuant to an indemnity contract for any payments made by it in a good faith belief that it was required to pay, regardless of whether any liability actually existed).To prove bad faith, the indemnitor must show that the surety acted with deliberate malfeasance, which, "by definition, is an intentional wrongful act which the actor has no legal right to do, or any wrongful conduct which affects, interrupts, or interferes with the performance of official legal duty." *Id.* Therefore, a "lack of diligence or negligence is not the equivalent of bad faith, and even gross negligence is not the same as bad faith." *Id.*

The Defendants concede that they did not properly plead bad faith on the part of Travelers. *See* ECF No. [24] at 4-5. Moreover, the record confirms that no such defense has been asserted in their Answer. Travelers correctly argues that bad faith is an affirmative defense which must be pled under Federal Rule of Civil Procedure 8(c). *See, e.g., Mid-Continent Cas. Co. v. Active Drywall South, et. al.*, 765 F. Supp. 1360, 1362 (S.D. Fla. 2011). Travelers also correctly argues that any argument made by Defendants that there was a lack of diligence or negligence on the part

of Travelers is not the equivalent of bad faith. *See Liberty Mut. Ins. Co. v. Aventura Engineering & Const. Corp.,* 534 F. Supp. 2d 1290 (S.D. Fla. 2008).

Here, Defendants claim that Traveler's payment to the Mr. Aash, the Obligee, was arbitrary and capricious and cite to cases regarding frustration of purpose and impossibility of performance. They argue that Travelers acted arbitrarily when it made the payment in spite of the underlying contract being frustrated by the yacht owner. Indeed, frustration of purpose applies where one of the contracting parties finds that the purposes for which it bargained, and which purposes were known to the other party, have been frustrated because of failure of consideration or the impossibility of performance by the other party. *See Home Design Center v. County Appliances of Naples, Inc.,* 563 So. 2d 767, 770 (Fla. 2d DCA 1990) (quoting *Crown Ice Machine Leasing Co. v. Sam Senter Farms, Inc.*, 174 So. 2d 614, 617 (Fla. 2d DCA 1965)). However, those cases are inapposite as they apply to the contracting parties – here, the Defendants and the Obligee.

Moreover, the Defendants' citation to cases involving frustration of purpose is unavailing as the language of the Indemnity Agreement is clear regarding the Defendants' obligation to indemnify Travelers.  The record on summary judgment contains no evidence that Travelers acted improperly as to create any genuine issue of material fact. The Defendants' claim that Travelers acted arbitrarily does not support a finding of bad faith as a matter of fact or law. Travelers fulfilled its duties under the Indemnity Agreement by paying the bonded claim in good faith and submitting the documentation to Defendants. Under the terms of the Indemnity Agreement, the Defendants, as Indemnitors, are responsible for all losses, including sums paid. There is no dispute that Travelers paid to Obligee the sum of $150,000.00 under the Bond. As such, Travelers is entitled to summary judgment against the Defendants, jointly and severally, to indemnify Travelers for all losses.

Case No. 20-cv-62293-BLOOM/Valle

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Final Summary Judgment or, in the Alternative, for Partial Summary Judgment, **ECF No. [25]**, is **GRANTED.** Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 18, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record